**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| **THOUSAND OAKS BARREL CO. LLC,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:16-cv-1035** |
| | ) | |
| **DEEP SOUTH BARRELS LLC,** *et al.*, | ) | |
| **Defendants.** | ) | |
| | ) | |

Plaintiff's Complaint in this case consists of 1134 numbered paragraphs, spanning 294 pages in length, and includes hundreds of pages of attached exhibits. (Doc. 1). To label this Complaint as grossly excessive in length and prolixity is an understatement akin to calling Hurricane Katrina a rainstorm. The Complaint's length and prolixity compels the Court to consider, *sua sponte*, whether the Complaint complies with the dictates of Rule 8, Fed. R. Civ. P. It plainly does not.

Rule 8(a)(2), Fed. R. Civ. P., requires a complaint to consist only of "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule (8)(d)(1), Fed. R. Civ. P., further provides that allegations must be "simple, concise, and direct." Plaintiff's Complaint falls far short of meeting these requirements. The proper remedy is to dismiss the Complaint without prejudice and allow plaintiff to refile a complaint that complies with the federal rules and complies with the requirement to plead facts that plausibly state a cause of action. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–80 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). Sensible authority supports this conclusion. Justice Alito, when serving as a Third Circuit judge, approved the district court's dismissal without prejudice of a 240-page, 600-paragraph complaint, noting that this made a "tremendous amount of sense." *In re Westinghouse*

*Sec. Litig.*, 90 F.3d 696, 703 (3d Cir. 1996) (Alito, J.). Numerous other cases reflect that such lengthy complaints violate Rule 8.[1]

Quite apart from plaintiff's failure to comply with Rule 8, an additional flaw apparently infects the Complaint, which alleges 62 counts of federal trademark, copyright, unfair competition, and other related claims against ten separate defendants, but contains no alleged facts which plausibly suggest that those claims, as required, "arise[] out of the same transaction, occurrence, or a series of transactions or occurrences." Rule 20(a), Fed. R. Civ. P. The Fourth Circuit's decision in *Saval v. BL Ltd.*, is particularly instructive. In that case, several plaintiffs purchased cars from the same manufacturer, and the cars developed similar defects. 710 F.2d 1027, 1029 (4th Cir. 1983). The plaintiffs alleged that they satisfied Rule 20(a)'s "transaction or occurrence" test because their cars experienced similar problems, they relied on common misrepresentations, and they received identical warranties. *Id.* at 1031–32. The district court determined that the plaintiffs could not be properly joined, and the Fourth Circuit upheld that

---

[1] *See, e.g., Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058–59 (9th Cir. 2011) (approving the district court's decision to deny leave to amend a complaint because the proposed 733-page complaint violated Rule 8, and noting that a complaint of that length "prejudices the opposing party" by forcing them to comb through it "just to prepare an answer that admits or denies [the] allegations"); *Kuehl v. FDIC*, 8 F.3d 905, 906 (1st Cir. 1993) (approving the dismissal of a 43-page, 358-paragraph complaint for violation of Rule 8); *Parkridge 6 LLC v. U.S. Dep't of Transp.*, No. 1:09-cv-1312, 2010 WL 1404421, at *1 (E.D. Va., Apr. 6, 2010) (stating that a 130-page complaint could be dismissed without prejudice for violation of Rule 8); *Hammel v. State Farm Mut. Auto Ins. Co.*, 114 F. Supp. 2d. 478, 481–82 (W.D.N.C. 2000) (approving the magistrate judge's decision to strike a 235-page, 872-paragraph amended complaint for violation of Rule 8); *see also Gollomp v. Spitzer*, 568 F.3d 355, 368–72 (2d Cir. 2009) (pointing to plaintiff's lengthy pleadings, the first of which was 61 pages and 493 paragraphs, in upholding the district court's finding that plaintiff's counsel acted in bad faith and therefore deserved sanctions under 28 U.S.C. § 1927).

decision.[2]  *Id.*  The Fourth Circuit stated that the "cars were purchased at different times, were driven differently, and had different service histories." *Id.* at 1031.  Because it was "apparent that each [plaintiff's] claim [stood] on its own," joining the plaintiffs would not further the goal of judicial economy because separate trials would probably have been necessary "to keep straight the facts pertaining to the separate" cars. *Id.* at 1031–32.

Similarly here, the fact that defendants may have allegedly violated the same copyrights and trademarks is not, by itself, sufficient to show that those alleged violations arose out of the same transaction or occurrence. *See Androphy v. Smith & Nephew, Inc.*, 31 F. Supp. 2d 620, 623 (N.D. Ill. 1998) (stating that even though there was a "common question of law or fact" because plaintiff alleged that defendants violated the same patents, defendants were improperly joined because they were "separate companies that independently design, manufacture, and sell different products in competition with each other").

At present, plaintiffs' Complaint is essentially a compilation of multiple distinct complaints.  Thus, the Complaint sets forth facts for a defendant's allegedly wrongful activities, enumerates the claims against that defendant, sets forth the prayer for relief against that defendant, and then moves on to a different defendant.  It appears, therefore, that separate suits may be appropriate. *See Nassau Cty. Ass'n of Ins. Agents, Inc. v. Aetna Life & Cas. Co.*, 497 F.2d 1151, 1154 (2d Cir. 1974) (holding that plaintiffs violated Rule 20(a) by joining 164 defendants without alleging "conspiracy or other concert of action" among the defendants, or showing any connection between defendants' practices).  Accordingly, plaintiff must consider whether the requirements of Rule 20(a) are met before joining all defendants in a single amended complaint.

---

[2] The *Saval* case involved the joinder of plaintiffs, but the analysis applies equally to defendants because both are subject to Rule 20(a)'s "transaction [or] occurrence" test.

In filing an amended complaint, plaintiff must also be mindful of counsel's obligation under Rule 11(b)(3), Fed. R. Civ. P., to ensure that "the factual contentions [in the Complaint] have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."

Accordingly, and for good cause,

It is hereby **ORDERED** that plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** and with leave to file an amended complaint.

It is further **ORDERED** that plaintiff has until 5:00 p.m. on Monday, September 19, 2016, to file an amended complaint that complies with the Federal Rules of Civil Procedure, including Rules 8, 11, and 20.

The Clerk is directed to send a copy of this Order to all counsel of record.

Alexandria, Virginia
August 30, 2016

T. S. Ellis, III
United States District Judge

4